IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Lewis Wayne Fielder, | ) Civil Action No.:2:12-412-JMC-BHH |
| Petitioner, | ) |
| | ) **REPORT AND RECOMMENDATION** |
| v. | ) **OF MAGISTRATE JUDGE** |
| | ) |
| Robert M. Stevenson, III, *Warden of Broad River Correctional Institution*, | ) |
| Respondent. | ) |

The Petitioner, a state prisoner, seeks habeas relief pursuant to 28 U.S.C. § 2254. This matter is before the Court upon two motions: (a) Respondent's Motion for Summary Judgment (Dkt. No. 13; see also Dkt. No. 14), and (b) Respondent's Motion to Strike (Dkt. No. 22).

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review the instant petition for relief and submit findings and recommendations to the District Court.

The Petitioner, who is represented by counsel, brought the instant habeas action on February 14, 2012. (Dkt. No. 1.) On May 9, 2012, Respondent filed a Motion for Summary Judgment. (Dkt. No. 13; see also Dkt. No. 14.) Petitioner filed his Response in Opposition to the Motion for Summary Judgment on July 29, 2012. (Dkt. No. 19.) On August 9, 2012, Respondent filed a Motion to Strike, asking the Court to strike the Affidavit Petitioner filed with his Response to the Motion for Summary Judgment. (Dkt. No. 22.) Petitioner opposes the Motion to Strike. (Dkt. No. 23.)

**PROCEDURAL HISTORY**

The Petitioner is currently confined at Broad River Correctional Institution. In March of 2007, the Laurens County Grand Jury indicted the Petitioner for murder and for possession of a firearm or knife during the commission of a violent crime. (R. at 110-13.)

The Petitioner was represented by W. Townes Jones, IV, Esquire. (Dkt. No. 14-1 at 7 of 115.) Although a jury trial commenced on or about February 25, 2008, the Petitioner pled guilty, on February 27, 2008, to voluntary manslaughter and possession of a firearm during the commission of a violent crime in exchange for a negotiated twenty-four year sentence. (R. at 5-31.) The Honorable William Keesley sentenced Petitioner to 24 years on the charge of voluntary manslaughter and five years, concurrent, on the charge of possession of a firearm during the commission of a crime of violence. (R. at 28-29.)

Petitioner did not file a direct appeal. (Dkt. No. 1 at 3-4 of 16.)

On or about June 27, 2008, Petitioner filed an application for post-conviction relief ("PCR"). (Dkt. No. 14-1 at 35-43 of 115.) The following questions and answers appeared on his application:

> 10. State concisely the grounds on which you base your allegation that you are being held in custody unlawfully.
>
> (a) Ineffective assistance of counsel.
> (b) Denial of right to appeal.
> (c) Violation of Due Process of Law.
>
> 11. State concisely and in the same order the facts which support each of the grounds set out in (10).
>
> a) Ineffective assistance of counsel.
>      Applicant asserts in support of this allegation that counsel's performance was, in fact, so deficient in that certain errors made at trial were so serious that he was not functioning as "counsel" guaranteed by the Sixth Amendment; and, next, that the deficient performance prejudiced defendant. See Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052 (1984).
>      Moreover, applicant asserts: Where defendant enters guilty plea upon counsel's advice, voluntariness of plea depends on whether advice was within range of competence demanded of attorneys in criminal cases; and that, but for counsel's errors, he would not have pleaded guilty and would have insisted on completing the trial which had begun. See Hill v. Lockhart, 474 U.S. 52, 106 S. Ct. 366 (1985).
>
> b) Counsel failed to inform Applicant of his right to appeal his guilty plea even though counsel realized that applicant was so entitled. It is applicant's contention that had counsel continued the trial and raised exception to the State's insufficiency of evidence to sustain a verdict of voluntary

> manslaughter, that there is a reasonable probability that the outcome of the proceedings would have been different. . . .

(Dkt. No. 14-1 at 37-43 of 115.)

On August 17, 2009, an evidentiary hearing was held before the Honorable D. Garrison Hill. (R. at 48-101.) Petitioner was present and represented by Rita M. Metts, Esquire. In an order dated January 4, 2010, Judge Hill denied the application for post-conviction relief and dismissed the petition. (R. at 102-09.)

On May 21, 2010, Elizabeth A. Franklin-Best, Esquire, of the South Carolina Commission on Indigent Defense, filed a Johnson Petition for Writ of Certiorari. (Dkt. No. 14-3.) Therein, Petitioner raised the following issue:

> Did trial counsel render ineffective assistance of counsel when he did not ask the judge to reconsider the 24 year sentence he imposed since the judge did not take into consideration all mitigating testimony presented?

(Dkt. No. 14-3 at 3 of 9.) In accordance with the Johnson procedure, Petitioner filed a *pro se* brief wherein he raised the following issues:

> (1) Did trial counsel render ineffective assistance of counsel when he did not object to the judge's abuse of discretion in that his interpretation of the law was erroneous during defendant's colloquy at sentencing?
>
> (2) Trial counsel was ineffective for failure to file a direct appeal when the judge gave an erroneous instruction concerning the law during sentencing.
>
> (3) Trial counsel was ineffective for failure to present the defense that petitioner was defending his own home and family, as well as the fact that the victim has a reputation and criminal record for violent behavior in the past.

(Dkt. No. 14-5.)

On April 11, 2011, the Supreme Court of South Carolina allowed Petitioner's retained counsel (also counsel in the case *sub judice*) to assume representation of Petitioner. (See Dkt. No. 14-6.) By order dated June 8, 2011, the South Carolina Supreme Court

allowed Petitioner to withdraw the <u>Johnson</u> Petition. (Dkt. No. 14-9.) On July 8, 2011, Petitioner filed a Petition for Writ of Certiorari wherein he raised the following issue:

> Whether the lower court improperly found that defense counsel was not ineffective for failing to sufficiently advise the Petitioner of the likelihood of presenting a successful self-defense case to the jury at trial?

(Dkt. No. 14-10 at 3 of 10.)

On December 15, 2011, the Supreme Court of South Carolina issued an order denying the petition for writ of certiorari. (Dkt. No. 14-13.) The matter was remitted to the lower court on January 4, 2012. (Dkt. No. 14-14.)

The Petitioner then filed the instant habeas action raising the following ground for review:

> **Ground One**: The Petitioner's right to effective assistance of counsel, as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution, was violated by defense counsel's failure to advise the Petitioner of the changes to the self-defense law and the likelihood that a successful self-defense claim could be presented.
> **Supporting Facts**: The Petitioner was charged with the murder of the decedent. The decedent's death occurred at the Petitioner's home. The Petitioner informed defense counsel that he killed the decedent because the decedent refused to leave the Petitioner's home. Defense counsel advised the Petitioner that self-defense was not a viable defense because the decedent had to pose a threat to the Petitioner and that the jury had to conclude that a reasonably prudent individual would have taken the same actions. However, the death of the decedent occurred after the enactment of the Protection of Persons and Property Act: S.C. Code Ann. Section 16-11-440. Defense counsel's advice to the Petitioner was incorrect since Section 16-11-440 would have been applicable. The Petitioner would have proceeded to trial had he known that the new law would have applied to his case.

(Dkt. No. 1.)

## **APPLICABLE LAW**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).

4

"Facts are 'material' when they might affect the outcome of the case, and a 'genuine issue' exists when the evidence would allow a reasonable jury to return a verdict for the nonmoving party." The News & Observer Publ'g Co. v. Raleigh-Durham Airport Auth., 597 F.3d 570, 576 (4th Cir. 2010) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). In ruling on a motion for summary judgment, "'the nonmoving party's evidence is to be believed, and all justifiable inferences are to be drawn in that party's favor.'" Id. (quoting Hunt v. Cromartie, 526 U.S. 541, 552 (1999)); see also Perini Corp. v. Perini Constr., Inc., 915 F.2d 121, 123-24 (4th Cir. 1990).

## DISCUSSION

Respondent moved for summary judgment, contending that the ground raised for review in the instant case is procedurally barred. (See Dkt. No. 14 at 10-12.) In the event the court concludes the procedural bar does not apply, Respondent seeks summary judgment on the merits. (Id. at 12-23.) Respondent contends Ground One is procedurally barred because Petitioner did not raise it in the PCR action. (See Dkt. No. 14 at 10.) Petitioner disagrees and asserts the habeas argument is preserved for federal review. (See Dkt. No. 19 at 6 of 16.)

"Federal habeas review of a state prisoner's claims that are procedurally defaulted under independent and adequate state procedural rules is barred unless the prisoner can show cause for the default and demonstrate actual prejudice as a result of the alleged violation of federal law, or prove that failure to consider the claims will result in a fundamental miscarriage of justice." Lawrence v. Branker, 517 F.3d 700, 714 (4th Cir. 2008) (quoting McCarver v. Lee, 221 F.3d 583, 588 (4th Cir. 2000)). As the Fourth Circuit stated in Longworth v. Ozmint, 377 F.3d 437, 448 (4th Cir. 2004),

> [The] exhaustion requirement "reduces friction between the state and federal court systems by avoiding the unseem[liness] of a federal district court's overturning a state court conviction without the state courts having had an

> opportunity to correct the constitutional violation in the first instance." O'Sullivan v. Boerckel, 526 U.S. 838, 845, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999) (internal quotation marks and citation omitted). Thus, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"-which includes "petitions for discretionary review when that review is part of the ordinary appellate review procedure in the State." Id. at 845, 847, 119 S.Ct. 1728. And this opportunity must be given by fairly presenting to the state court "both the operative facts and the controlling legal principles" associated with each claim. Baker v. Corcoran, 220 F.3d 276, 289 (4th Cir.2000) (citing Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir.1997) (internal quotation marks omitted)). In other words, the ground must "be presented face-up and squarely." Mallory v. Smith, 27 F.3d 991, 995 (4th Cir.1994) (citation and internal quotation marks omitted).

Longworth, 377 F.3d at 448.

Pursuant to South Carolina Code § 17-27-90, Petitioner was required to raise Ground One in his state PCR application. Despite Petitioner's argument to the contrary, the undersigned concludes that the ground raised in the instant habeas action simply was not raised in the PCR proceeding. Petitioner did raise the issue of ineffective assistance of counsel in his PCR application and at the PCR hearing. However, as Respondent notes, the Protection of Persons and Property Act (the "Act"), S.C. CODE ANN. § 16-11-410 et seq., was not mentioned in the PCR application or at the hearing, nor was it mentioned in Judge Hill's Order of dismissal. At the PCR hearing, the Petitioner did testify as follows:

> Mr. Jones telling me which I needed to take the plea because he know for a fact that my self defense ain't looking too good and that the jury going to come back with manslaughter, that the judge going to give me thirty years for the manslaughter, and he was making it seem like the twenty-four years was my best option.

(Dkt. No. 14-1 at 63-64 of 115.) When asked what "other complaints" Petitioner had about his trial counsel, Petitioner stated,

> Also Mr. Jones was telling me that the witnesses, Miss Nicole Roberts, she was one of the witnesses, Nicole McManus, she was one of the witnesses that was going to testify to something that wasn't in their statement, they were just going to basically get on the stand and tell a different story.

> . . . .
> Also, I wanted Mr. Jones to look at self defense. This wasn't the victim's first time trying to hurt someone in their home, and look at the circumstances which the victim, he said the victim had no gun on him but also the victim outweighed me by over a hundred pounds, the victim was known to be aggressive, and he also saying the victim didn't have no criminal history, criminal record. But as I got my Rule 5 in prison, I didn't have no Rule 5 when I was out on the streets, I see where the victim is known for carrying a gun, is known for a history of carrying a gun, and Mr. Jones didn't support that, he denied it.

(Id. at 65, 67-68 of 115.) He further stated that his attorney told him that the jury "was going to take the State's side" on Petitioner's self-defense theory. (Id. at 66 of 115.) Petitioner continued,

> In my transcript, on page 20, lines 19 through 22, Mr. Jones is saying if a person had acted the same way I acted, tried to protect myself in my home, I feel that Mr. Jones would have acted the same way and done the same thing he would have never pleaded guilty to 24 years, wouldn't plead guilty to no time like what they gave me, knowing he was in the right to protect himself in his own home. But I say Mr. Jones wasn't prepared for my case and for the defense that he put up.

(Id. at 68-69 of 115.)

Petitioner never complained before the PCR court that trial counsel was constitutionally deficient because counsel incorrectly advised Petitioner on the law of self defense. Petitioner had many complaints about trial counsel, but Petitioner's complaint in the instant habeas action simply was not one of those complaints. Accordingly, this claim is procedurally defaulted.

Although Petitioner argues the claim is not procedurally defaulted, he alternatively argues that "there is cause and prejudice to excuse the procedural default due to his PCR attorney's failure to present the argument at the PCR hearing." (Dkt. No. 19 at 4 of 16.) Procedural default may be excused if the Petitioner "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman

7

v. Thompson, 501 U.S. 722, 750 (1991).[1] Pursuant to Martinez v. Ryan, 132 S. Ct. 1309, 1315 (2012), "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." However, "[t]o overcome the default, a prisoner must also demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit." Martinez, 132 S. Ct. at 1318 (citing Miller-El v. Cockrell, 537 U.S. 322 (2003)). If the ineffective assistance of trial counsel claim "does not have any merit or . . . is wholly without factual support," the procedural default precludes federal habeas review. Martinez, 132 S. Ct. at 1319.

In the instant case, the undersigned concludes that Petitioner has not and cannot establish cause and prejudice for the default because the underlying ineffective assistance of counsel claim has no merit. Petitioner contends that his trial counsel was ineffective for failing to advise Petitioner that South Carolina Code § 16-11-440 applied. (See Dkt. No. 19 at 14 of 16.) Petitioner states, "Had the Petitioner been given the correct advice regarding self-defense and the applicability of §16-11-440, there can be no doubt that he would have continued with his trial." (Id.) Strickland v. Washington, 466 U.S. 668 (1984), states that a meritorious ineffective assistance of counsel claim must demonstrate two things: first, that counsel's performance was deficient and, second, that counsel's deficient performance prejudiced the defense. Id. at 687–96. A court's evaluation of counsel's performance under this standard must be "highly deferential," so as to not "second-guess" the performance. Id. at 689. "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome

---

[1] In the alternative for showing cause and prejudice, a petitioner must demonstrate a miscarriage of justice, e.g., actual innocence. Bousley v. United States, 523 U.S. 614, 623 (1998). Petitioner has not shown–or even argued–that he is actually innocent of the at-issue crimes. Schlup v. Delo, 513 U.S. 298, 327 (1995).

the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.  Id. (internal quotation marks and citation omitted); see also Bowie v. Branker, 512 F.3d 112, 119 n.8 (4th Cir. 2008); Fields v. Att'y Gen. of Md., 956 F.2d 1290, 1297–99 (4th Cir. 1992); Roach v. Martin, 757 F.2d 1463, 1467 (4th Cir. 1985).  In order to establish the second prong of Strickland, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694.  A "reasonable probability" has been defined as "a probability sufficient to undermine confidence in the outcome." Id.

The two-part test enunciated in Strickland applies to challenges to guilty pleas based on ineffective assistance of counsel. See Hilll v. Lockhart, 474 U.S. 52, 58 (1985). "[I]n order to satisfy the 'prejudice' requirement [set forth in Strickland], the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill, 474 U.S. at 59.

Petitioner's sole contention in the pending habeas action hinges on the application of South Carolina Code § 16-11-440. (See Dkt. No. 1; see also Dkt. No. 19 at 4 of 16.) In his Memorandum in Opposition to the Motion for Summary Judgment, Petitioner states,

> Pursuant to the Protection of Persons and Property Act, a defendant is "presumed to have a reasonable fear of imminent peril of death or great bodily injury to himself or another person" if the defendant was "attempting to remove another person against his will from [the defendant's] dwelling" and he had "reason to believe that an unlawful and forcible … act [was] occurring or ha[d] occurred." S.C. Code Ann. §16-11- 440(A).

(Dkt. No. 19 at 12 of 16.) Petitioner cannot establish ineffective assistance of counsel because § 16-11-440(A) does not apply.

South Carolina Code § 16-11-440(A) reads as follows:

9

> (A) A person is presumed to have a reasonable fear of imminent peril of death or great bodily injury to himself or another person when using deadly force that is intended or likely to cause death or great bodily injury to another person if the person:
>
>> (1) against whom the deadly force is used is in the process of unlawfully and forcefully entering, or has unlawfully and forcibly entered a dwelling, residence, or occupied vehicle, or **if he removes or is attempting to remove another person against his will from the dwelling**, residence, or occupied vehicle; and
>>
>> (2) who uses deadly force knows or has reason to believe that an unlawful and forcible entry or unlawful and forcible act is occurring or has occurred.

S.C. CODE ANN. § 16-11-440(A) (emphasis added).

The grammatical subject of subsection (A)(1) is the "person against whom the deadly force is used," whereas the grammatical subject of subsection (A)(2) is the "person who uses deadly force." In other words, the same subject (the "person against whom the deadly force is used") applies to BOTH of the two clauses in subsection (A)(1). Simply put, a plain reading of the statute indicates that the person against whom deadly force is used must be doing one of two things: (1) the decedent must be "in the process of unlawfully and forcefully entering, or has unlawfully and forcibly entered a dwelling, residence, or occupied vehicle," or (2) the decedent must be "remov[ing] or is attempting to remove another person against his will from the dwelling, residence, or occupied vehicle." Petitioner's argument that § 16-11-440(A) applies when the Petitioner–the individual who used deadly force–is attempting to remove the decedent from the Petitioner's home against the decedent's will defies grammatical logic. Although there are few South Carolina cases interpreting this relatively new Act,[2] interpretations of similar acts in other states do not support Petitioner's reading

---

[2] State v. Duncan, 392 S.C. 404, 709 S.E.2d 662 (2011), does not support Petitioner's interpretation of the statute, but that case does not address that at-issue subsection of S.C. Code § 16-11-440.

of the statute. See Hargrove v. Texas, No. 05-11-00307-CR, 2012 WL 3553501, at *7 (Tex. App. Aug. 20, 2012) (affirming denial of instruction under Texas Penal Code § 9.(b)(1)(B) based on lack of evidence that the victim–the person against whom force was used–"yanked" the defendant/appellant from the car); People v. Hubel, No. 302794, 2012 WL 1939765, at *8 (Mich. App. May 29, 2012) (finding the presumption under Michigan's Self-Defense Act applicable where the "victim's own testimony supported that he was trying to unlawfully remove Christopher from the residence").

Petitioner cannot avoid the procedural bar in the case *sub judice* because the ineffective assistance claim has no merit. See Martinez, 132 S. Ct. at 1319. The undersigned therefore recommends granting Respondent's Motion for Summary Judgment (Dkt. No. 13), and dismissing Respondent's Motion to Strike (Dkt. No. 22) as moot.

11

## **CONCLUSION**

It is therefore RECOMMENDED, for the foregoing reasons, Respondent's Motion for Summary Judgment (Dkt. No. 13) be GRANTED; and the Petitioner's habeas petition be DISMISSED WITH PREJUDICE. The undersigned further RECOMMENDS dismissing Respondent's Motion to Strike (Dkt. No. 22) as moot. It is also RECOMMENDED that a certificate of appealability be DENIED.[3]

IT IS SO RECOMMENDED.

s/Bruce Howe Hendricks
United States Magistrate Judge

January 17, 2013
Charleston, South Carolina

**The Petitioner's attention is directed to the important notice on the next page.**

---

[3] Title 28, Section 2253 provides in relevant part,
(c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
(A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
(B) the final order in a proceeding under section 2255.
28 U.S.C. § 2253. A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. See Miller-El v. Cockrell, 537 U.S. 322, 336 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683 (4th Cir. 2001). In the case *sub judice*, the legal standard for a certificate of appealability has not been met. The undersigned therefore recommends that a certificate of appealability be denied.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).