# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Lewis Wayne Fielder,  ) | |
| ) | |
| Petitioner,  ) | Civil Action No.: 2:12-cv-00412-JMC |
| ) | |
| v.  ) | **OPINION AND ORDER** |
| ) | |
| Robert M. Stevenson, III, Warden of  ) | |
| Broad River Correctional Institution,  ) | |
| ) | |
| Respondent.  ) | |
| _____ ) | |

This matter is now before the court upon the Respondent Robert M. Stevenson, III's [Respondent] Motion to Strike Affidavit [Dkt. No. 22]. Petitioner filed his Affidavit ("Affidavit") as a part of his Reply in Opposition to Motion for Summary Judgment [Dkt. No. 19] filed on July 29, 2012.

## FACTUAL AND PROCEDURAL BACKGROUND

In March 2007, Petitioner was indicted for murder and for the possession of a firearm or knife during the commission of a violent crime. Petitioner pleaded guilty in February 2008 to a lesser charge of voluntary manslaughter and possession of a firearm during the commission of a violent crime in exchange for a negotiated sentence of twenty-four (24) years. In June 2008, Petitioner filed an application for post-conviction relief ("PCR") alleging that his trial counsel provided ineffective assistance of counsel in advising Petitioner to plead guilty and in failing to advise Petitioner that he could appeal his guilty plea. At the PCR hearing, Petitioner testified to various aspects of his trial counsel's alleged deficient performance, which included the assertion that counsel did not adequately explore Petitioner's claim that he was defending himself and his home from the victim/decedent ("decedent") at the time of the shooting.

1

Petitioner's PCR application was denied. Petitioner subsequently filed a Petition for Writ of Certiorari in the South Carolina Supreme Court in which he raised the following issue: "Whether the lower court improperly found that defense counsel was not ineffective for failing to sufficiently advise the petitioner of the likelihood of presenting a successful self-defense case to the jury at trial." [Dkt. No. 14-10, at 3 of 10]. The South Carolina Supreme Court issued an order denying the Writ and remitted the matter to the lower court.

Petitioner filed the instant Petition for Writ of Habeas Corpus [Dkt. No. 1] asserting for the first time that defense counsel failed to advise him of the potential applicability of the Protection of Persons and Property Act ("Act"), S.C. Code Ann. § 16-11-410 et seq. (Supp. 2010). Petitioner argues that he "would have proceeded to trial had he known that the new law would have applied to his case." Petition for Writ of Habeas Corpus [Dkt. No. 1].

Respondent filed a Motion for Summary Judgment [Dkt. No. 13; *see also* Dkt. No. 14] arguing that Petitioner's habeas ground was procedurally barred because Petitioner had not raised this ground in his PCR hearing. In his Reply in Opposition to Motion for Summary Judgment [Dkt. No. 19], Petitioner disputes that his claim is procedurally barred, but argues in the alternative, that his PCR counsel's failure to fairly present Petitioner's habeas claim in the state proceeding constitutes ineffective assistance of counsel and therefore establishes cause and prejudice that excuses the procedural default. Petitioner submitted his Affidavit in support of this claim. The Affidavit includes Petitioner's detailed statements about the circumstances surrounding Petitioner's shooting of the decedent for which Petitioner is now serving a prison sentence. Petitioner's Affidavit also asserts that he told his trial counsel and his PCR counsel the detailed facts of the case and both failed to advise him on the applicability of the Protection of Persons and Property Act.

Respondent filed the instant Motion to Strike the Affidavit [Dkt. No. 22] on the grounds that the Affidavit represents an improper and unauthorized attempt by Petitioner to expand the record and create or suggest a new factual basis for his defaulted claim. Respondent further notes that some of the facts now asserted are inconsistent with the facts on the record that was before the state court.

The Magistrate Judge subsequently issued a Report and Recommendation ("Report") [Dkt. No. 26] finding that Petitioner's claim was procedurally barred because he had not raised his habeas ground in state court. The Magistrate Judge also found that Petitioner had not demonstrated cause and prejudice as a result of his PCR counsel's performance that would have removed the procedural bar. Finding no cause or prejudice, the Magistrate Judge recommended granting Respondent's summary judgment motion and recommended dismissing Respondent's Motion to Strike as moot.

In his Objections to the Report and Recommendation [Dkt. No. 27], Petitioner raises a slightly different argument from the one upon which the Magistrate Judge ruled. Because this court is required to review objections to the Magistrate Judge's Report *de novo*, it is also "required to consider all arguments directed to that issue, regardless of whether they were raised before the magistrate." *United States v. George*, 971 F.2d 1113, 1118 (4th Cir. 1992). Petitioner's new argument relies heavily on the facts alleged in Petitioner's Affidavit. As a result, the court addresses Respondent's Motion to Strike prior to addressing Petitioner's objections.

## DISCUSSION

Respondent contends that Petitioner has not moved for permission nor been granted permission to file any document in expansion of the record under Rule 7 of the Rules Governing

Section 2254 Cases In The District Courts ("Rules Governing Section 2254 Cases"). Additionally, Respondent notes that Petitioner has not provided a specific or cognizable basis for such a request. Petitioner contends that his Response in Opposition to Respondent's Motion for Summary Judgment [Dkt. No. 19] contains numerous requests for the court to expand the record including repeated calls for the court to hold an evidentiary hearing on both the ineffective-assistance-of-trial-counsel claim and the ineffective-assistance-of-PCR-counsel claim. Petitioner now submits that his request to expand the record by considering his Affidavit is necessary "only in the event that the Court determines it is necessary to do so to examine his claim of PCR counsel's ineffectiveness under *Martinez v. Ryan*, 132 S. Ct. 1309 (2012). *See* Reply in Opposition to Respondent's Motion To Strike [Dkt. No. 23, at 2].

Rule 7 of the Rules Governing Section 2254 Cases authorizes a federal habeas court to expand the record to include additional material relevant to the petition in some situations. Specifically, Rule 7 provides: "The materials that may be required include letters predating the filing of the petition, documents, exhibits, and answers under oath, to written interrogatories propounded by the judge. Affidavits may also be submitted and considered as part of the record." Rule 7(b), Rules Governing Section 2254 Cases.

Section 2254(e)(2) sets limits on a petitioner's ability to expand the record in a federal habeas proceeding. Specifically, § 2254(e)(2) provides that if a petitioner has failed to diligently develop his evidence in state court, he may present the evidence in a federal habeas court only if his claim relies on "(1) a new rule of constitutional law, made retroactive to cases on collateral review . . . that was previously unavailable; or (2) a factual predicate that could not have been previously discovered through the exercise of due diligence." Section 2254(e)(2) limits a petitioner's ability to present new evidence through a Rule 7 motion to expand the record to the

4

same extent that it limits the availability of an evidentiary hearing. *Runningeagle v. Schriro*, 2007 WL 4200743 (D. Ariz. 2007). The United States Supreme Court has noted that § 2254(e)(2) "ensure[s] that '[f]ederal courts sitting in habeas are not an alternative forum for trying facts and issues which a prisoner made insufficient effort to pursue in state proceedings.'" *Cullen v. Pinholster*, 131 S. Ct. 1388, 1401 (2011) *reh'g denied*, 131 S. Ct. 2951 (2011) (quoting *Williams v. Taylor*, 529 U.S. 420, 437 (2000)). It would be contrary to the statute's purpose "to allow a petitioner to overcome an adverse state-court decision with new evidence introduced in a federal habeas court and reviewed by that court in the first instance effectively *de novo*." *Id.* at 1399.

However, courts have held that § 2254(e)(2) does not similarly constrain the court's discretion to expand the record to establish cause and prejudice to excuse a petitioner's procedural defaults. *Cristin v. Brennan*, 281 F.3d 404, 416 (3d Cir. 2002); *see also Buckman v. Hall*, 2009 WL 204403 (D. Or. Jan. 23, 2009) (noting that courts will "distinguish between an expansion of the record for purposes of establishing the factual predicate of a claim, and an expansion of the record to overcome a procedural default. In the later circumstance, § 2254(e)(2) does not apply."). In such cases, the court retains its discretion to expand the record to allow a petitioner to establish cause and prejudice to excuse a petitioner's procedural defaults. *See Cristin*, 281 F.3d at 414 (3d Cir. 2002). In determining whether to expand the record, a federal court must consider whether doing so "would enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *See Schriro v. Landrigan*, 550 U.S. 465, 474 (2007) (discussing evidentiary hearings under § 2254).

The Supreme Court recently held that a habeas corpus petitioner asserting claims for ineffective assistance of counsel can demonstrate sufficient cause to excuse a procedural default

5

upon a showing that counsel in the initial-review collateral proceeding was ineffective under the standards of *Strickland v. Washington*, 466 U.S. 668, 686 (1984), in failing to raise a claim that should have been raised below. *See Martinez*, 132 S. Ct. at 1318 (internal citations omitted). To overcome the procedural bar under *Martinez* however, the petitioner "must also demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit." *Id*. (internal citations omitted).

While *Martinez* recognizes the need for a meaningful review of an ineffective-assistance-of-counsel claim that arises at initial review collateral proceedings such as the PCR hearing at issue here, *Martinez* does not directly provide the authority for a petitioner to expand the record in order to further develop facts that could have been presented in the state court proceeding. *See Foster v. Oregon*, 2012 WL 3763543 (D. Or. Aug. 29, 2012); *Halvorsen v. Parker*, 2012 WL 5866595 (E.D. Ky. Nov. 19, 2012); *Williams v. Mitchell*, 2012 WL 4505181 (N.D. Ohio Sept. 28, 2012).

Here, Petitioner's Affidavit presents evidence in support of his claim that his PCR counsel was ineffective and thus caused him to default on his habeas claim. Paragraphs two through five state details regarding the events surrounding the fatal shooting for which Petitioner is now serving prison time. *See* Affidavit, ¶¶ 2-5. Specifically, Petitioner contends that he asked the decedent repeatedly to leave his house; that the decedent instead followed Petitioner into his bedroom; that the decedent "grabbed [Petitioner] and "tried to engage [him] in a physical altercation;" that Petitioner "broke free" and asked the decedent once again to leave; that Petitioner subsequently armed himself with a gun; that the decedent continued to approach Petitioner in aggressive manner; and that Petitioner then shot the decedent. These specific

details were not included in the state court records, though Petitioner's general contention that decedent had attacked him first was raised.

Paragraph 6 alleges that Petitioner told his trial counsel these details and that trial counsel failed to inform him of the potential applicability of the Protection of Persons and Property Act as providing a possible affirmative defense. *Id*. at ¶ 6. Paragraph 7 alleges that Petitioner told his PCR counsel the details surrounding the shooting, as described in the Affidavit, and that PCR counsel also failed to recognize the potential applicability of the Act. *Id.*, at ¶ 7.

It is true that a state court has not heard evidence with regard to whether PCR counsel was ineffective for failing to recognize the potential applicability of the Act. The issue of whether Petitioner's PCR counsel was ineffective was not before a state court. As a result, the usual bars to hearing evidence not presented in state court may not be applicable insofar as the claims relate specifically to the PCR attorney's ineffectiveness. *See Cristin*, 281 F.3d at 417. ("Cristin cannot be faulted in this federal forum for not having previously presented the facts underlying arguments that would have been, on the whole, irrelevant or premature before state courts.").

However, the majority of the claims in the Affidavit are more troubling because they allege detailed facts regarding the shooting which could have been presented in the state proceeding and which could also impact any analysis on the underlying ineffective assistance of counsel claim. The general rule is that a habeas petitioner is entitled to submit new evidence on habeas review only if he can demonstrate that he "was not at fault in failing to develop that evidence in state court, or (if he was at fault) if the conditions prescribed by § 2254(e)(2) [are]

met." *Holland v. Jackson,* 542 U.S. 649, 652 (2004) (citing *Williams*, 529 U.S. 420, 431–37)[1]. To prove that he was not at fault in failing to develop the evidence in state court, the habeas petitioner must demonstrate that he was "diligent," or "made a reasonable attempt, in light of the information available at the time, to investigate and pursue [the evidence] in state court." *Williams,* 529 U.S. at 435.  Further, "a failure to develop the factual basis of a claim is not established unless there is a lack of diligence, or some greater fault, attributable to the prisoner or the prisoner's counsel." *Id.* at 432.

Petitioner had ample opportunity to develop the details surrounding the shooting in the state court proceedings.  Petitioner testified at his PCR hearing wherein he stated he wanted his trial counsel to "look at self defense."  PCR Hearing Transcript [Dkt. No. 14-1, 65-66 of 115]. Petitioner made specific reference to his right to protect himself and his home, and he faulted his trial counsel for failing to consider the decedent's larger physical size, his alleged history of aggression and violence, and his alleged reputation for carrying a gun in deciding not to pursue a self-defense claim.  Petitioner also had the opportunity to address the court at his guilty plea colloquy and correct or augment his trial counsel's recitation of the facts, which referred to the Petitioner's self-defense claims.  The court notes that both trial counsel and PCR counsel mentioned Petitioner's claims that he and the decedent argued and had a physical altercation, though not in the detail with which Petitioner now describes the underlying facts.  Additionally, Petitioner cannot justify his failure to develop this evidence by reference to § 2254(e)(2) since

---

[1] The court recognizes the general rule developed in reference to § 2254(e)(2) and that § 2254(e)(2) does not necessarily bar claims presented in order to establish cause and prejudice to overcome a procedural bar.  However, the court finds the reasoning behind the rule persuasive here since the Affidavit at issue primarily raises factual issues that could have been raised below and which could be relevant to the *Martinez* analysis.

there is no new rule of constitutional law at issue and since there is no factual predicate that could not have previously been discovered through due diligence.

Several courts have held that the Supreme Court's holding in *Martinez* does not allow a petitioner to point to PCR counsel's failure to develop the factual record as the "cause" of the procedural default.  *See Halvorsen,* 2012 WL 5866595, at *4 ("Petitioner's argument that collateral-review counsel's failure to develop the record "should serve as cause to excuse the lack of diligence is entirely inconsistent" with the general rule that lack of diligence is attributable to the prisoner or prisoner's trial counsel); *Mitchell*, 2012 WL 4505181, at *6 (finding that *Martinez* does not provide for "claims of ineffective assistance of post-conviction counsel to establish 'cause' for a 'default' of the *factual development"* of a petitioner's mental capacity in state court) (emphasis added).

Additionally, the admission of Petitioner's new facts into evidence could impact the court's *Martinez* analysis with regard to the underlying ineffective-assistance-of-counsel claim in determining whether Petitioner suffered "prejudice" because of PCR counsel's performance. Petitioner's various briefs demonstrate that the court's concern is well-founded: Petitioner references these newly alleged facts not only in an effort to establish PCR counsel's alleged failure to assert Petitioner's habeas ground, but in an effort to bolster Petitioner's argument that the Act applies to his case.  Such facts could serve to strengthen the underlying ineffective-assistance-of-counsel claim, thereby strengthening Petitioner's argument that he suffered prejudice as a result of PCR counsel's performance.  Allowing Petitioner's unchallenged statements to be considered at this point would constitute an end run around the general rule that evidence supporting an ineffective-assistance-of-counsel claim should be presented in the state court tasked with adjudicating that issue.

9

For the above reasons, Respondent's Motion to Strike Affidavit [Dkt. No. 22] is granted.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

February 13, 2013
Greenville, South Carolina