**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | | |
|---|---|---|
| Lewis Wayne Fielder, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No.: 2:12-cv-00412-JMC |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| Robert M. Stevenson, III, Warden of | ) | |
| Broad River Correctional Institution, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner Lewis Wayne Fielder ("Petitioner"), a state prisoner who is represented by counsel, filed a Petition for Writ of Habeas Corpus [Dkt. No. 1] under 28 U.S.C. § 2254 on the grounds that his trial counsel failed to correctly advise Petitioner on the relevant law of self-defense in South Carolina and thereby incorrectly advised Petitioner on the likelihood that a successful self-defense claim could be presented. Respondent Robert M. Stevenson, III ("Respondent") moved for summary judgment on Petitioner's claims. [Dkt. No. 13, *see also* Dkt. No. 14]. The Magistrate Judge's Report and Recommendation ("Report") [Dkt. No. 26], filed on January 17, 2013, recommends that Respondent's Motion for Summary Judgment be granted. Upon review of the Magistrate Judge's Report and Recommendation, the record, the applicable law and both parties' briefs, the court accepts the Magistrate Judge's Report and dismisses Petitioner's habeas corpus petition without an evidentiary hearing.

**STANDARD OF REVIEW**

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The

1

responsibility to make a final determination remains with this court. *See Matthews v. Weber*, 423 U.S. 261, 270-71 (1976). This court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation, or recommit the matter with instructions. *See* 28 U.S.C. § 636 (b)(1).

## LEGAL STANDARD

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *See United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue. *See id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the plaintiff's position is insufficient to withstand the summary judgment motion. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *See Ross v. Commc'ns Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985). "Only disputes over facts that might affect the outcome of the suit under the governing

2

law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248.

## FACTUAL AND PROCEDURAL BACKGROUND

The court concludes, upon its own careful review of the record, that the Magistrate Judge's factual summation is accurate. The court adopts this summary as its own, and only references facts pertinent to the analysis of Petitioner's claims. The relevant facts, viewed in a light most favorable to Petitioner, are as follows.

In March 2007, Petitioner was indicted for murder and for the possession of a firearm or knife during the commission of a violent crime. Petitioner pled guilty in February 2008 to a lesser charge of voluntary manslaughter and possession of a firearm during the commission of a violent crime in exchange for a negotiated sentence of twenty-four (24) years. In June 2008, Petitioner filed a post-conviction relief ("PCR") application alleging that his defense attorney provided ineffective assistance of counsel in advising Petitioner to take a guilty plea and in failing to advise Petitioner that he could appeal his guilty plea. At the PCR hearing, Petitioner testified to various aspects of his trial counsel's alleged deficiencies, which included the assertion that counsel did not adequately explore Petitioner's claim that he was defending himself and his home from the victim/decedent ("decedent") at the time of the shooting. Petitioner's PCR application was denied. Petitioner subsequently filed a Petition for Writ of Certiorari in the South Carolina Supreme Court in which he raised the following issue: "Whether the lower court improperly found that defense counsel was not ineffective for failing to sufficiently advise the petitioner of the likelihood of presenting a successful self-defense case to the jury at trial." [Dkt. No. 14-10, at 3 of 10]. The South Carolina Supreme Court issued an order denying the Writ and remitted the matter to the lower court.

Petitioner filed the instant habeas action arguing for the first time that defense counsel failed to advise him of the potential applicability of the Protection of Persons and Property Act ("Act"), S.C. Code Ann. § 16-11-440 (Supp. 2010). The Act provides:

> A person is presumed to have a reasonable fear of imminent peril of death or great bodily injury to himself or another person when using deadly force that is intended or likely to cause death or great bodily injury to another person if the person:
>
> (1) against whom the deadly force is used is in the process of unlawfully and forcefully entering, or has unlawfully and forcibly entered a dwelling, residence, or occupied vehicle, or if he removes or is attempting to remove another person against his will from the dwelling, residence, or occupied vehicle; and
>
> (2) who uses deadly force knows or has reason to believe that an unlawful and forcible entry or unlawful and forcible act is occurring or has occurred.

S.C. Code Ann. § 16-11-440(A) (Supp. 2010). Petitioner argues that he "would have proceeded to trial had he known that the new law would have applied to his case." Petition for Writ of Habeas Corpus [Dkt. No. 1].

## DISCUSSION

Petitioner timely filed objections to the Magistrate Judge's Report and Recommendation. [Dkt. No. 27]. Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). In the absence of specific objections to the Magistrate Judge's Report, this court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

Petitioner raises two objections. First, Petitioner objects to the Magistrate Judge's finding that his claim was procedurally defaulted. Second, Petitioner objects to the Magistrate Judge's determination that Petitioner cannot overcome the procedural bar because he has not

4

shown cause and prejudice resulting from the defaulted claim.

**Procedural Default**

In the Report, the Magistrate Judge found that Petitioner's habeas petition is procedurally barred from review by this court because Petitioner did not assert in his state PCR proceedings that his trial counsel was constitutionally deficient for failing to inform him of the potential applicability of the Protection of Persons and Property Act. Petitioner was required to raise this ground in the state PCR proceeding pursuant to South Carolina Code Ann. § 17-27-90 (1985). The Magistrate Judge found that Petitioner's PCR application does not refer to the issue of a potential self-defense claim at all. However, Petitioner's testimony at the PCR hearing includes, among other complaints about trial counsel's failures, Petitioner's statement that he "wanted [defense counsel] to look at self-defense." PCR Hearing Transcript [Dkt. No. 14-1, 65-66 of 115]. At the PCR hearing, Petitioner testified that he asked defense counsel to consider his self-defense claim with regard to the victim's larger physical size, the victim's alleged history of aggression and violence, and the victim's alleged reputation for carrying a gun. *Id*. Additionally, Petitioner stated he had a right to protect himself and his home. *Id*.

While Petitioner's testimony at his PCR hearing raise issues generally related to counsel's trial strategy regarding Petitioner's self-defense claims, he did not assert that counsel failed to inform him of the applicable law regarding self-defense and specifically, the law of self-defense as modified by the Protection of Persons and Property Act. Therefore, the court finds that the Magistrate Judge correctly determined that Petitioner failed to raise this ground with particularity in the PCR proceedings such that a state court would have had the first opportunity to resolve the issue. *See Longworth* v. *Ozmint*, 377 F.3d 437, 448 (4th Cir. 2004) (holding that state courts must be given the first "opportunity to resolve any constitutional issues . . . [a]nd this

5

opportunity must be given by fairly presenting to the state court both the operative facts and the controlling legal principles associated with each claim.") (internal citations omitted)).

**Cause and Prejudice**

Petitioner further argues that even if his claim was procedurally barred, there was cause and prejudice sufficient to excuse the procedural default due to the fact that his PCR counsel failed to raise the potential applicability of the Act during the PCR proceedings. The United States Supreme Court has held that a habeas corpus petitioner asserting claims for ineffective assistance of counsel can demonstrate sufficient cause to excuse a procedural default upon a showing that counsel in the initial-review collateral proceeding was ineffective under the standards of *Strickland v. Washington*, 466 U.S. 668, 686 (1984), in failing to raise a claim that should have been raised. *Martinez v. Ryan*, 132 S. Ct. 1309, 1318 (2012). To overcome the procedural bar under *Martinez*, the petitioner "must also demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit." *Id.* (internal citations omitted).

"The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the [proceeding] cannot be relied on as having produced a just result." *Strickland*, 466 U.S. at 686. "When a convicted defendant complains of the ineffectiveness of counsel's assistance, the defendant must show that counsel's representation fell below an objective standard of reasonableness. *Id.* at 688. Judicial scrutiny of counsel's performance must be highly deferential, and "every effort [must] be made to eliminate the distorting effects of hindsight . . . and to evaluate the [challenged] conduct from counsel's perspective at the time." *Id.* at 689. *See also Yarborough v. Gentry*, 540 U.S. 1, 6 (2003) ("[E]ven if an omission is inadvertent, relief is not automatic. The Sixth

6

Amendment guarantees reasonable competence, not perfect advocacy judged with the benefit of hindsight").

A defendant must also show "that the deficient performance prejudiced the defense." *Strickland*, 466 U.S. at 687. To meet the prejudice requirement on review of a guilty plea, the "defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). However, "the petitioner must convince the court that a decision to reject the plea bargain would have been rational under the circumstances." *Padilla v. Kentucky*, 130 S. Ct. 1473, 1485 (2010). "The challenger's subjective preferences, therefore, are not dispositive; what matters is whether proceeding to trial would have been objectively reasonable in light of all of the facts." *United States v. Fugit*, 703 F.3d 248, 260 (4th Cir. 2012).

In addition, "where the alleged error of counsel is a failure to advise the defendant of a potential affirmative defense to the crime charged, the resolution of the 'prejudice' inquiry will depend largely on whether the affirmative defense likely would have succeeded at trial. *Lockhart*, at 474 U.S. 59. A court may make such "predictions about the outcome of a possible trial objectively without regard for the 'idiosyncrasies of the particular decision maker.'" *Id*. (quoting *Strickland*, 466 U.S. at 695).

Here, the Magistrate Judge determined that the Act would not apply to Petitioner's case and therefore, Petitioner could not show prejudice as a result of his trial counsel's failure to raise the Act as a possible source of an affirmative defense. For these reasons, the Magistrate Judge determined that *Martinez* did not apply because the underlying ineffective-assistance-of-counsel

claim had no merit.[1] The court agrees with the Magistrate Judge's determination that the ineffective-assistance-of-counsel claim has no merit.

The Act provides a person using deadly force with a presumption of "reasonable fear of imminent peril of death or great bodily injury," where the person against whom the deadly force is used

> is in the process of unlawfully and forcefully entering or has unlawfully and forcibly entered a dwelling . . . or if he removes or is attempting to remove another person against his will from the dwelling … and [the person] who uses deadly force knows or has reason to believe that an unlawful and forcible entry or unlawful and forcible act is occurring or has occurred.

S.C. Code Ann. § 16-11-440. The South Carolina General Assembly's explicit intent was to "codify the common law Castle Doctrine which recognizes that a person's home is his castle." S.C. Code Ann. § 16-11-420 (Supp. 2010). Under the common law castle doctrine, as recognized in South Carolina, "[o]ne attacked, without fault on his part, on his own premises, has the right, in establishing his plea of self-defense, to claim immunity from the law of retreat, which ordinarily is an essential element of that defense." *State v. Dickey*, 394 S.C. 491, 506, 716 S.E.2d 97, 104 (2011), *reh'g denied* (Oct. 18, 2011) (Beatty, J., concurring).

The Act augments the common law castle doctrine most importantly by establishing a presumption of "reasonable fear of imminent peril of death or great bodily injury" in the person who uses deadly force against an unlawful intruder. S.C. Code Ann. § 16-11-440(A) (Supp. 2010). This presumption is crucial because at common law, any self-defense claim requires the

---

[1] The Magistrate Judge reached its conclusion consistent with the law though not entirely in harmony with Petitioner's argument presented in his Objections. Petitioner originally argued that the Protection of Persons and Property Act would apply since Petitioner was attempting to remove the decedent from Petitioner's home. As the Magistrate Judge pointed out, Petitioner misconstrued the statute. It is the unlawful entrant not the person entitled to use deadly force, who must be in the process of removing a person from the dwelling in order for the Act to provide a potential defense.

person using deadly force to demonstrate that he "actually believed he was in imminent danger of losing his life or sustaining serious bodily injury, or he actually was in such imminent danger" and that a "reasonable prudent man of ordinary firmness and courage would have entertained the same belief." *Dickey*, 394 S.C. at 499, 716 S.E.2d at 101.

In sum, the Act eliminates the duty to retreat from a threat when a person is in his own home. Additionally, while the Act does not eliminate the requirement that the person using deadly force against an intruder demonstrate a reasonable fear of injury or death, it does provide a rebuttable presumption of that state of mind. Finally, the Act presumably leaves in place the traditional element of any self-defense claim in South Carolina – that "the defendant must be without fault in bringing on the difficulty." *See id.*

The court finds that it is not likely that a defense based on the Act would have been successful in Petitioner's case. *See Hill,* 474 U.S. at 59 (1985). Trial counsel's recitation of the relevant facts at the guilty plea colloquy and his testimony at the PCR hearing detailed numerous reasons why he believed that a strategy based on self-defense would not have been successful. Specifically, Defense counsel considered the following facts: that Petitioner was intoxicated; that at least one witness was prepared to testify that the argument that led to the shooting was over a card game, that the decedent was unarmed, that the Petitioner made verbal threats that he would kill the decedent, and that the decedent was leaving Petitioner's house when Petitioner shot him; that forensic evidence showed that the decedent was shot four (4) times, with three of the four entry wounds being in the decedent's back; and that there was no witness testimony or physical evidence of any physical altercation between Petitioner and the decedent before the shooting. These same facts would have been equally damaging to a potential self-defense claim based on the Act. For example, the fact that the decedent was unarmed, that decedent was

9

allegedly leaving the house when Petitioner shot him, and the Petitioner fired four shots, three of which entered decedent's back would tend to rebut the statutory presumption that Petitioner had a reasonable fear of imminent bodily harm.  Additionally, the fact that the alleged dispute arose over a card game, that Petitioner was intoxicated and that Petitioner allegedly made threats that he was going to kill the decedent suggest that Petitioner had some fault in bringing about the argument that led to the shooting.  For these reasons, it is not at all likely that a defense based on the Act would have been successful.

Furthermore, it is not at all clear that a South Carolina court would accept Petitioner's legal theory that the decedent became the kind of unlawful entrant envisioned by the Act simply by virtue of the fact that Petitioner told the decedent to leave the house.  The Act explicitly applies in situations where the decedent is "in the process of unlawfully and forcefully entering or has unlawfully and forcibly entered a dwelling."  The evidence is uncontroverted that decedent was in the house at Petitioner's invitation and thus did not enter forcibly or unlawfully as required by the Act.  Additionally, there was no physical evidence and no witness statements to corroborate Petitioner's claims that the decedent assaulted him, which might have established that the decedent was accomplishing a forcible or unlawful act within Petitioner's house.  For these reasons, the court finds that Petitioner's self-defense claim, whether based on common law self-defense principles or based on the Act, would have had little likelihood of success.

Petitioner still contends that had he been aware of the Act, he would have changed his mind about pleading guilty.  However, the court is not convinced that a decision to reject the plea bargain would have been rational under the circumstances, given the fact that the lack of evidence supporting a claim of self-defense would have also been damaging to a defense pursuant to the Act.

After review of the record in this case, the court finds that Petitioner has failed to demonstrate any prejudice as a result of counsel's alleged error. Because the court finds that Petitioner has failed to demonstrate the requisite prejudice to prevail on his claims of ineffective assistance of counsel, the court need not address whether counsel's performance was deficient. *See Strickland*, 466 U.S. at 697 (noting that the "court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies.").

For these reasons, the court agrees with the Magistrate Judge's ultimate determination that Petitioner has failed to demonstrate that the underlying ineffective-assistance-of-counsel claim has merit. Accordingly, Petitioner cannot show cause to excuse his procedural default under *Martinez*.

## CONCLUSION

Upon a careful consideration of the record before the court, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation and incorporates it herein by reference. It is hereby **ORDERED** that Respondent's Motion for Summary Judgment [Dkt. No. 13] is **GRANTED** and the Petitioner's Petition for Writ of Habeas Corpus [Dkt. No. 1] is **DISMISSED** with prejudice.

## Certificate of Appealability

The law governing certificates of appealability provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met.

**IT IS SO ORDERED.**

United States District Judge

February 13, 2013
Greenville, South Carolina